PETER PROPSOM & SON, INC., Respondent, vs. SCHNUCK and another, Appellants.

*May 3—June 6, 1950.*

*Matt Taylor* of Kenosha, for the appellants.

For the respondent there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil*.

HUGHES, J.   It is contended by appellants:

1. That no contract existed between the defendants and plaintiff;

2. That plaintiff failed to perform all conditions of the contract;

3. That the original contract, if made with defendants, was modified to call for a fixed payment of not to exceed $15,000 or $19,000;

4. That at all events there was a novation, the "committee" having been substituted for the defendants as debtor of the plaintiff;

5. That errors in the account exist.

Propsom testified that the defendants read the contract which he presented to them before they executed it. This, if it stood alone, would constitute sufficient evidence to sustain the trial court's determination that a contract was entered into between the parties. In addition, there was evidence that the defendants understood the facts and wanted plaintiff to build the house for them.

Likewise, upon the second and third points raised upon this appeal, the trial court found from highly disputed evidence that the terms of the contract had been well performed by plaintiff and that there had been no agreement to build for a fixed price. Under the familiar rule that where the trial court's judgment is not contrary to the weight of the evidence it must stand, these matters were finally disposed of by the circuit court.

Appellants further claimed a novation. Their testimony upon this was somewhat hazy. There was no showing that plaintiff had accepted the "veterans' committee" as debtor. In fact, defendants' witnesses—members of the committee—testified that they had assumed no binding obligation to pay the contract price. The trial court properly held that novation could not be spelled out.

Counsel for appellants also argues that there was an arrangement whereby the defendants had agreed to transfer the property owned by them to the veterans' organizations of Kenosha county, so that the house might be used by other disabled veterans after the defendants had ceased to use it. The trial court found that they had failed to prove any facts from which this inference could be drawn. We have examined the record and find that there is a complete absence of proof that would warrant such a conclusion.

The final contention is that the trial court committed two errors in accounting. Appellants contend that an additional $361 should have been deducted from the architect's fee. This item was in dispute and the trial court's decision is supported by the record. It is also claimed that $200 additional should have been deducted from the amount due Peter Propsom & Son, Inc., on the work done by it. It is conceded that this error exists, and that it should be corrected. No motion was made to the trial court to correct the item, so its correction here will not affect costs.

*By the Court.*—Judgment modified by deducting $200 therefrom and, as so modified, it is affirmed.